# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2026V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| JIAN FENG YU, | * | |
| | * | |
| Petitioner, | * | Special Master Jennifer A. Shah |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Filed: August 21, 2024 |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Michael Firestone*, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 15, 2021, Jian Feng Yu ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Pet. (ECF No. 1). Petitioner alleges he developed injuries, including multifocal acquired demyelinating sensory and motor polyneuropathy (MADSAM), as a result of the influenza ("flu") vaccine he received on September 22, 2018. Pet. at 1. On October 5, 2023, the parties filed a stipulation, which Special Master Katherine E. Oler adopted into a decision awarding compensation the same day. ECF Nos. 30, 31. This case was subsequently reassigned to me.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

On March 14, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App."). ECF No. 35. Petitioner requests total attorneys' fees and costs in the amount of $38,219.35, consisting of $37,686.83 in attorneys' fees and $532.52 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner indicated that he personally has not incurred any costs related to the prosecution of his petition. *Id.* at 38. Respondent responded to the motion on March 18, 2024, stating that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 36 ("Fees Resp.") at 2, 3. Petitioner did not file a reply.

This matter is now ripe for consideration.

**I. Legal Standards**

Section 15(e) (1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

**A. Good Faith**

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl.

2

114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion."). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Recently, the Federal Circuit clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Here, Petitioner was awarded damages, therefore I find that the claim was brought in good faith and maintained a reasonable basis while it was pending before the Court. Also, I note that Respondent has indicated his satisfaction that both of these requirements have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

## II.    Discussion Regarding Fees and Costs

### A. Attorneys' Fees

Petitioner retained Michael Firestone and the Marvin Firestone law firm to represent him in this matter. *See generally* Fees App. Petitioner requests a total of $37,686.83 in attorneys' fees. Fees App. at 1.

#### 1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests compensation for his attorney, Mr. Michael Firestone, at the following hourly rates: $365.00 per hour for work performed in 2021; $381.43 per hour for work performed in 2022; $425.00 per hour for work performed in 2023; and $446.25 per hour for work performed in 2024. Fees App. at 22. Mr. Firestone also requests an hourly compensation of: $435.00 per hour for work performed in 2021; $475.00 per hour for work performed in 2022; and $500.00 per hour for work performed in 2023, for his colleague, Mr. Tim O'Hara. *Id*. Mr. Firestone also seeks compensation for his paralegals: Ms. Patricia Barrick: $225.00 per hour for work performed in 2022-2023, and Mr. John Bellanca: $180.00 per hour for work performed in 2022-2023. *Id.* at 22-23.

---

[3] The 2021 Fee Schedule can be accessed at: https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf;
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf;
The 2023 Fee Schedule can be accessed at https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf;
The 2024 Fee Schedule can be accessed at: https://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf.
The hourly rates contained within the schedules are updated based on *McCulloch*, 2015 WL 5634323.

Mr. Firestone and his colleagues have been previously awarded their 2021-2023 rates by other Special Masters. *See, e.g.*, *Gudaitis v. Sec'y of Health & Hum. Servs.*, No. 17-1570V, 2023 WL 4638430 (Fed. Cl. Spec. Mstr. June 29, 2023); *Caredio v. Sec'y of Health & Hum. Servs.*, No. 17-79V, 2022 WL 1532309 (Fed. Cl. Spec. Mstr. Apr. 19, 2022). Mr. Firestone requested an hourly rate of $446.25 for 2024 and Mr. O'Hara requested an hourly rate of $500.00 for 2023. I find the increases reasonable and will award them their requested rates.

Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed. I find the hours to be largely reasonable, but a deduction is necessary for clerical or administrative tasks performed by attorney Michael Firestone: "draft Cover Sheet and filed with ECF" and "Finalize exhibits, draft Notice of Filing, Exhibit list, Statement of Completion and filed with ECF with PAR form." *See* Fees App. at 25. Billing for administrative tasks is not appropriate, and the Marvin Firestone firm has been warned of this practice before. *See, e.g.*, *Parker v. Sec'y of Health & Hum. Servs.*, No. 19-1233V, 2022 WL 2800962 at *3 (Fed. Cl. Spec. Mstr. June 23, 2022); *Cagle v. Sec'y of Health & Hum. Servs.,* No. 16-693V, 2019 WL 1894410 at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2019). This accounts for approximately one hour of work, or $365.00.

Accordingly, I award Petitioner a total of **$37,321.83** in attorneys' fees.

**B. Reasonable Costs**

Petitioner requests a total of $532.52 in attorneys' costs: $129.52 for FedEx; $1.00 for copies; and $402.00 for the Court's filing fee. *See* Fees App. at 19, 36. Petitioner provided

5

documentation the FedEx shipping costs and the Court's filing fee. The costs for copies are normal business expenses, so they will also be awarded.

I award Petitioner a total of **$532.52** in attorneys' costs.

### III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$37,854.35**, representing reimbursement of Petitioner's attorneys' fees and costs, in the form of a check jointly payable to Petitioner and his attorney, Michael Firestone.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.